IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**WILLIE MARZETTE BROWN**                                                    **PLAINTIFF**

**v.**                            **CIVIL ACTION NO. 2:10cv210-KS-MTP**

**LATISHA JOHNSON, CHRISTOPHER EPPS,**                      **DEFENDANTS**
**RON KING, JOHNNIE DENMARK,**
**HUBERT DAVIS, MILTON MARTIN,**
**and MARCUS POWE**

## REPORT AND RECOMMENDATIONS

This matter is before the Court on the [31] Motion for Summary Judgment by defendants Christopher Epps, Ron King, Johnnie Denmark, Latisha Johnson, Milton Martin, Hubert Davis, and Marcus Powe. Having reviewed the submissions of the parties, the record in this cause of action, and the applicable law, and being fully advised in the premises, the undersigned recommends that Defendants' motion [31] be **GRANTED**.

## FACTUAL BACKGROUND

Plaintiff Willie Marzette Brown filed his civil rights Complaint [1] pursuant to 42 U.S.C. § 1983. At the time Plaintiff's claims arose, he was incarcerated at the South Mississippi Correctional Institution ("SMCI") as a post-conviction inmate. According to his most recent correspondence, Plaintiff is currently housed at the Marshall County Correctional Facility. *See* docket entry [40].

Plaintiff filed his [1] Complaint on August 25, 2010. He filed an [12] Amended Complaint on October 1, 2010. A *Spears* hearing[1] was held March 22, 2011; an [26] Omnibus

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). The transcript of that hearing has been utilized in this report and recommendations.

Order was entered the next day.

Plaintiff's primary claim is that his constitutional rights were violated initially when he was received into SMCI on or about January 7, 2010. According to Plaintiff, Defendant Latisha Johnson, while going through his property to determine the presence of contraband, damaged his personal property, namely a flat screen television set.[2] He also claims that other personal items worth $20.00-30.00 were confiscated and destroyed,[3] and that Defendant Johnson used indecent, abusive, and threatening language towards him.

Plaintiff has also filed claims against Defendants Christopher Epps (the Commissioner of the Mississippi Department of Corrections); Ron King (SMCI Superintendent); Johnnie Denmark (Warden); Hubert Davis (Deputy Warden); Milton Martin (Correctional Investigation Department); and Lt. Marcus Powe (Correctional Officer in charge of the receiving room the night of January 7, 2010) for their failure to properly investigate and take any action following his complaints to them about the damage to his personal property. These defendants were not present at the time of Defendant Johnson's alleged conduct.

## STANDARD FOR SUMMARY JUDGMENT

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

---

[2] Plaintiff did not pay for this television. It was exchanged by the prison for one that he did pay for.

[3] Legal papers, religious papers, books, photos, soap, toothpaste, deodorant, magazines, sunglasses, body wash, foot powder, and sugar.

Civ. P. 56(a).[4]  Summary judgment is proper "where a party fails to establish the existence of an element essential to his case and on which he bears the burden of proof." *Washington v. Armstrong World Industries, Inc.*, 839 F.2d 1121, 1122 (5th Cir. 1988) (citation omutted).  "A complete failure of proof on an essential element renders all other facts immaterial because there is no longer a genuine issue of material fact." *Id*. (citation omitted).

This Court may grant summary judgment only if, viewing the facts in a light most favorable to the plaintiff, the defendants demonstrate that there are no genuine issues of material fact and that they are entitled to judgment as a matter of law. *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995). If the defendants fail to discharge the burden of showing the absence of a genuine issue concerning any material fact, summary judgment must be denied. *John v. State of Louisiana*, 757 F.2d 698, 708 (5th Cir. 1985). The existence of an issue of material fact is a question of law that this Court must decide, *id*. at 712, and in making that decision, it must "draw inferences most favorable to the party opposing the motion, and take care that no party will be improperly deprived of a trial of disputed factual issues." *Id*. at 708 (quoting *United States Steel Corp. v. Darby*, 516 F.2d 961, 963 (5th Cir. 1975)).

There must, however, be adequate proof in the record showing a real controversy regarding material facts. "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; . . .".

---

[4]The amendments to Fed. R. Civ. P. 56 became effective December 1, 2010. According to an Excerpt from the Report of the Judicial Conference, Committee on Rules of Practice and Procedure, the amendments to Rule 56 "are intended to improve the procedures for presenting and deciding summary-judgment motions, to make the procedures more consistent across the districts, and to close the gap that has developed between the rule text and actual practice. *The . . . amendments are not intended to change the summary-judgment standard or burdens.*" (Emphasis supplied).

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original).  Thus, "conclusory allegations," *Arsenaux v. Roberts*, 726 F.2d 1022, 1024 (5th Cir. 1982), unsubstantiated assertions, *Hopper v. Frank*, 16 F.3d 92, 97 (5th Cir. 1994), or the presence of a "scintilla of evidence," *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994), is not enough to create a real controversy regarding material facts.  In the absence of proof, the Court does not "assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citing *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888 (1990)).

## ANALYSIS

Plaintiff's claims are before the Court pursuant to 42 U.S.C. § 1983.  However, Section 1983 "neither provides a general remedy for the alleged torts of state officials nor opens the federal courthouse doors to relieve the complaints of all who suffer injury at the hands of the state or its officers."  *White v. Thomas*, 660 F.2d 680, 683 (5th Cir. 1981).  Rather, "[i]t affords a remedy only to those who suffer, as a result of state action, deprivation of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States."  *Id.* at 683 (quoting 42 U.S.C. § 1983).

It is well-settled that Section 1983 "does not create supervisory or *respondeat superior* liability."  *Oliver v. Scott*, 276 F.3d 736, 742 & n.6 (5th Cir. 2002).  *See also Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987) (citations omitted) ("Under § 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability.").  "To state a cause of action under § 1983, the plaintiff must allege facts reflecting the defendants' participation in the alleged wrong, specifying the personal involvement of each defendant."  *Jolly v. Klein*, 923 F.

Supp. 931, 943 (S.D. Tex. 1996) (citing *Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992)). Thus, supervisory prison officials may be held liable for a Section 1983 violation only if they either were personally involved in the constitutional deprivation or if there is a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Thompkins*, 828 F.2d at 304.  As Defendants Epps, King, Denmark, Davis, Martin, and Powe had no personal involvement in the alleged damage to Plaintiff's television and other personal property, they are not liable to him on this claim.

### Deprivation of property by Defendant Johnson

"Under the *Parratt/Hudson* doctrine, a state actor's random and unauthorized deprivation of a plaintiff's property does not result in a violation of procedural due process rights if the state provides an adequate postdeprivation remedy."  *Alexander v. Ieyoub*, 62 F.3d 709, 712 (5th Cir. 1995) (footnote omitted).  *See also Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981), overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986).  The *Parratt/Hudson* doctrine applies when: "(1) the deprivation was unpredictable or unforeseeable; (2) postdeprivation process would have been impossible or impotent to counter the state actors' particular conduct; and (3) the conduct was unauthorized in the sense that it was not within the officials' express or implied authority."  *Smith v. Epps*, 326 F. App'x 764, 765 (5th Cir. 2009) (citation omitted).  This doctrine applies whether the random unauthorized deprivations of property were negligent or intentional.  *Hudson*, 468 U.S. at 533.  However, conduct is not considered "random and unauthorized" for purposes of the *Parratt/Hudson* doctrine if the state "delegated to [the defendants] the power and authority to effect the very deprivation complained of." *Allen v. Thomas*, 388 F.3d 147, 149 (5th Cir. 2004) (quoting

5

*Zinermon v. Burch*, 494 U.S. 113, 138 (1990)).

Plaintiff has not alleged that the deprivations were made in accordince with any policy, practice or custom or were in any other way "authorized." *See Smith*, 326 F. App'x at 765. Indeed, Plaintiff alleges that the damage to and confiscation of his property violated prison policy.[5] In fact, according to Plaintiff, the damage to his property was intentional. Certainly any such conduct was not authorized. Accordingly, the *Parratt/Hudson* doctrine bars Plaintiff's property deprivation claims under Section 1983. *See Sossamon v. Williams*, 270 F. App'x 323, 325 (5th Cir. 2008) (holding that prisoner's claim was barred by the *Parratt/Hudson* doctrine where there was no genuine issue whether the officer's actions were random and unauthorized and where prisoner had an adequate post-deprivation remedy for the destruction of his property); *Leggett v. Comer*, 280 F. App'x 333, 335 (5th Cir. 2008) (affirming dismissal of prisoner's claim that defendants intentionally failed to comport with prison policy to inventory and secure his property, reasoning that "the *Parratt/Hudson* doctrine explicitly applies to the unauthorized, intentional deprivation of property by a state employee"); *Leggett v. Williams*, 277 F. App'x 498, 500 (5th Cir. 2008), *cert. denied*, 555 U.S. 1178 (2009) (summary judgment appropriate under *Parratt/Hudson* where plaintiff's claim of confiscation and destruction of property rested on purported random and unauthorized act of prison officials); *Carmona v. Branstuder*, 68 F.3d 470, 1995 WL 581807, at *1 (5th Cir. 1995) (dismissing prisoner's property deprivation claim, finding that the deprivation of property was at most, a random act, and prisoner had an adequate

---

[5]With respect to the damage to the television set, Defendant Johnson claims to have no knowledge of the incident. Plaintiff takes issue with this. This does not create a genuine dispute of *material* fact under Fed. R. Civ. P. 56, and Plaintiff's contention in this regard does not defeat the otherwise properly supported motion for summary judgment.

state remedy through a state tort action).

As stated above, it is well-established that neither negligent nor intentional deprivations of property violate due process where there is an adequate state tort remedy available. *Hudson*. Moreover, numerous Fifth Circuit cases have upheld dismissal of prisoners' suits for property deprivation because of the availability of state law remedies. *See, e.g., Myers v. Klevenhagen*, 97 F.3d 91, 94-95 (5th Cir. 1996) (*per curiam*) (also citing *Parratt/Hudson*); *Murphy v. J.A. Collins*, 26 F.3d 541, 543-44 (5th Cir. 1994) (citing *Hudson*); *Marshall v. Norwood*, 741 F.2d 761, 763-64 (5th Cir. 1984) (citing *Hudson* and *Parratt*).

Mississippi provides post-deprivation remedies for both negligent and intentional conversions of property. *See, e.g.,* Miss. Code Ann. § 11-38-1 *et seq.* (claim and delivery); Miss. Code Ann. § 11-37-101 *et seq.* (replevin). *See also Wilson v. General Motors Acceptance Corp.*, 883 So. 2d 56, 67 (Miss. 2004) (setting forth elements of conversion). It is Plaintiff's burden to establish that these post-deprivation remedies are not adequate. *Myers*, 97 F.3d at 94-95 (citations omitted). Plaintiff has failed to allege, much less provide, any evidence that these remedies are not adequate. The Fifth Circuit has held that "Mississippi's post-deprivation remedies for civil IFP litigants satisfy due process." *Nickens v. Melton*, 38 F.3d 183, 185 (5th Cir. 1994) (footnote omitted). Thus, Plaintiff's remedy for the alleged property deprivation lies not in a Section 1983 action, but in a tort claim under state law.

Plaintiff also emphasizes Defendant Johnson's language at the time of the alleged incident. However, "mere threatening language and gestures of a custodial office[r] do not, even if true, amount to constitutional violations." *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir.

1983) (internal quotations and citation omitted).[6]

**Denial of Due Process**

Plaintiff's claims against Defendants Epps, King, Denmark, Martin, and Davis involving a failure to investigate his complaints that he informed them about and take favorable action on those complaints also fail.[7] Conducting an inadequate investigation of a grievance does not give rise to a constitutional claim. *See Dehghani v. Vogelgesang*, 226 F. App'x 404, 406 (5th Cir. 2007) (holding that plaintiff's allegation that warden and assistant warden failed to adequately investigate his grievance did not amount to a constitutional violation); *Charles v. Nance*, 186 F. App'x 494, 495 (5th Cir. 2006) (complaint that prison failed to investigate grievance fails to assert due process violation claim); *Woodland v. City of Vicksburg*, 2006 WL 3375256, at *3 (S.D. Miss. 2006) (stating that claim for "failure to investigate" did not amount to a constitutional violation).

Furthermore, the fact that Plaintiff's administrative remedy program (ARP) grievance was not resolved in his favor does not amount to a constitutional violation. *See Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005) (no federally protected liberty interest in having grievances resolved to prisoner's satisfaction); *Jones v. Shabazz*, 2007 WL 2873042, at *21 (E.D. Tex. 2007), *aff'd*, 352 F. App'x 910 (5th Cir. 2009) (stating that a prisoner does not have a

---

[6]Plaintiff makes much of the fact that a video surveillance camera in the receiving room should have recorded this incident. Defendants represent that no such video exists and that the only camera in that room does not record but is used only for "real time" observation of the receiving room. In light of the applicable law, the existence of the video is not material to the recommendation reached herein.

[7]Attached to Defendants' motion for summary judgment is Plaintiff's prison grievance file related to the instant claims. [31]-1.

constitutional right to a grievance procedure, and has no due process liberty interest right to having his grievance resolved). Even if Plaintiff is claiming that his ARP grievance was not handled properly, he does not state a constitutional violation. *See Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986) (holding that the mere failure of a prison official to follow the prison's own regulation or policy does not amount to a constitutional violation); *McGowan v. Peel*, 2007 WL 710154, at *2 (S.D. Miss. 2007) (same).

### Qualified immunity

Defendants have raised the defense of qualified immunity. However, "if it becomes evident that the plaintiff has failed to state or otherwise to establish a claim, then the defendant is entitled to dismissal on that basis." *Wells v. Bonner*, 45 F.3d 90, 94 (5th Cir. 1993) (citing *Siegert v. Gilley*, 500 U.S. 226, 231-33 (1991)). *See also Sappington v. Bartee*, 195 F.3d 234, 236 (5th Cir. 1999) (quoting *Wells*). Thus, if the Court finds that the plaintiff's claims are not cognizable as constitutional claims, it need not reach the question whether Defendants are entitled to qualified immunity. *Wells*, 45 F.3d at 93.

Accordingly, because Plaintiff's allegations fail to establish constitutional claims, the undersigned does not reach the issue of qualified immunity.

### RECOMMENDATION

Plaintiff's claims do not rise to the level of constitutional violations, and he has failed to show a real controversy supported by material facts. For the reasons stated above, it is the recommendation of the undersigned that Defendants' [31] Motion for Summary Judgment be **GRANTED**. Plaintiff's deprivation of property claims should be dismissed without prejudice, and all other claims in this matter should be dismissed with prejudice.

## **NOTICE OF RIGHT TO OBJECT**

In accordance with the rules and 28 U.S.C. § 636(b), any party within fourteen (14) days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party.  The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected.  28 U.S.C. § 636(b)(1); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).[8]

THIS the 19th day of January, 2012.

                                                              s/ Michael T. Parker
                                                              United States Magistrate Judge

---

[8]*Douglass* referred to the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.