IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**WILLIE MARZETTE BROWN**                                                           **PLAINTIFF**

**V.**                                               **CIVIL ACTION NO. 2:10-CV-210-KS-MTP**

**LATISHA JOHNSON, CHRISTOPHER EPPS,**
**RON KING, JOHNNIE DENMARK,**
**HUBERT DAVIS, MILTON MARTIN, and**
**MARCUS POWER**                                                                    **DEFENDANTS**

## ORDER

On January 19, 2012, the Magistrate Judge entered his Report and Recommendations in this matter. First, the Magistrate Judge found that Defendants Epps, King, Denmark, Davis, Martin, and Powe had no personal involvement in Defendant Johnson's alleged destruction of Plaintiff's personal property. As Section 1983 "does not create supervisory or respondeat superior liability," the Magistrate Judge concluded that Plaintiff's claims against Defendants Epps, King, Denmark, Davis, Martin, and Power stemming from Defendant Johnson's actions should be dismissed. *Oliver v. Scott*, 276 F.3d 736, 742 n. 6 (5th Cir. 2002).

Next, the Magistrate Judge found that Plaintiff's property deprivation claim against Defendant Johnson was barred by the *Parratt/Hudson* doctrine because Plaintiff failed to show that the post-deprivation remedies available under state law are inadequate. *See Myers v. Klevenhagen*, 97 F.3d 91, 94-95 (5th Cir. 1996); *Alexander v. Ieyoub*, 62 F.3d 709, 712 (5th Cir. 1995); *Murphy v. Collins*, 26 F.3d 541, 543-44 (5th

Cir. 1994). The Magistrate Judge further found that Defendant Johnson's alleged use of threatening language during the events which gave rise to this matter did not constitute a constitutional violation. *See Robertson v. Plano City*, 70 F.3d 21, 24-25 (5th Cir. 1995).

Finally, the Magistrate Judge found that Plaintiff's allegation that Defendants Epps, King, Denmark, Martin, and Davis failed to adequately investigate his complaints did not give rise to a constitutional claim. *See Widner v. Agular*, 398 F. App'x 976, 979 (5th Cir. 2010) (a prisoner has no constitutional interest in the investigation and processing of his grievance). Likewise, the Magistrate Judge found that the resolution of Plaintiff's administrative remedy program grievance against his interests was not a constitutional violation. *See Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005) (a prisoner has no constitutional interest in having a grievance resolved in his favor).

As the Magistrate Judge found that Plaintiff's allegations failed to establish any constitutional claims, he declined to address the issue of qualified immunity. The Magistrate Judge recommended that the Court grant Defendants' Motion for Summary Judgment [31], dismiss Plaintiff's deprivation of property claim without prejudice, and dismiss Plaintiff's other claims with prejudice.

On February 6, 2012, Plaintiff filed his objection to the Magistrate Judge's Report and Recommendation. Plaintiff failed to offer any substantial argument in response to the Magistrate Judge's Report and Recommendations. Rather, he merely rephrased the same assertions made in prior pleadings without addressing the

Magistrate Judge's conclusion that Plaintiff's factual assertions, if true, did not make out constitutional violations.

As required by 28 U.S.C. § 636(b)(1), the Court has conducted an independent review of the entire record and a *de novo* review of the matters raised by the Plaintiff's objections. However, there are no substantive objections for the Court to resolve, as Plaintiff failed to address the legal issues raised by the Magistrate Judge's Report and Recommendations. The Court concludes that the Report and Recommendations is an accurate statement of the facts and a correct analysis of the law in all regards. Therefore, the Court accepts, approves, and adopts the factual findings and legal conclusions contained in the Report and Recommendations entered by United States Magistrate Judge Michael T. Parker pursuant to 28 U.S.C. § 636(b)(1).

Defendants' Motion for Summary Judgment [31] is **granted.** Plaintiff's deprivation of property claim is **dismissed without prejudice**, and the remainder of Plaintiff's claims are **dismissed with prejudice**. A separate judgment will be entered pursuant to Rule 58.

SO ORDERED AND ADJUDGED this 9th day of February, 2012.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE